UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| WILLIAM H. WILLIAMS,<br>    PLAINTIFF | )<br>)<br>) |
| v. | )  CIVIL ACTION NO. 3:16CV-236-CRS<br>) |
| BAPTIST HEALTHCARE SYSTEM,<br>INC. d/b/a BAPTIST HEALTH<br>LEXINGTON,<br>    DEFENDANT | )  *ELECTRONICALLY FILED*<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant Baptist Healthcare System, Inc. d/b/a Baptist Health Lexington, under 28 U.S.C. §§ 1441 and 1446, gives notice of the removal of this action from the Circuit Court of Jefferson County, Kentucky, to the United States District Court for the Western District of Kentucky. In accordance with 28 U.S.C. § 1446(a), true copies of all process, pleadings, and orders served upon defendants are attached as Exhibit A.

In support of its notice of removal, Defendant states as follows:

    **A.**    **Removal is timely because the service of the initial pleading was April 4, 2016, less than 30 days from the date of this notice of removal.**

On April 4, 2016, Plaintiff served on Defendant a Complaint in the state court case styled as follows: *William H. Williams v. Baptist Healthcare System, Inc. d/b/a Baptist Health Lexington*, Jefferson Circuit Court, Division 2, No. 16-CI-1519. This notice of removal is therefore timely under 28 U.S.C. § 1446(b)(1) because the 30-day time for removal has not expired.

    **B.**    **Plaintiff's Complaint asserts claims arising under federal law.**

Plaintiff's Complaint asserts claims arising under federal law. Specifically, Count III (Paragraphs 24 through 28) asserts that Defendant is subject to the federal Emergency Medical

Treatment and Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, and that Defendant failed to provide the screening examination and stabilizing treatment required by that statute.

        **C.**    **This Court has supplemental jurisdiction over Plaintiff's state law claims.**

Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1367(a) because this Court has original jurisdiction over Plaintiff's federal claims, as described above, to which Plaintiff's state law claims are so related as to form part of the same case or controversy.

        **D.**    **This notice of removal is procedurally correct.**

Defendant has attached to this notice the complete state court record of proceedings thus far, satisfying the requirements of 28 U.S.C. § 1446(a). Additionally, venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace the county in which the action has been pending (Jefferson County, Kentucky). Defendant is simultaneously filing a copy of this Notice of Removal with the clerk of the Jefferson County Circuit Court, the court in which this action has been pending. Written notice of filing of this notice of removal will be served to all parties as required by law.

        **E.**    **Local Rule 8.1 statement of residence.**

Plaintiff William H. Williams resides in Bourbon County, Kentucky. Defendant is a Kentucky corporation with a principal place of business in Jefferson County, Kentucky. Plaintiff's claims arise from events or omissions substantially occurring in Fayette County, Kentucky.

        **F.**    **Prayer for relief.**

The elements of federal jurisdiction and removal under 28 U.S.C. § 1441(a) and § 1446 are satisfied. Defendant therefore respectfully requests that this matter be removed to this Court.

Respectfully submitted,

/s/ Clay M. Stevens
Clay M. Stevens
Kristen H. Fowler
NAPIER GAULT SCHUPBACH & STEVENS, PLC
cstevens@napiergaultlaw.com
kfowler@napiergaultlaw.com
730 West Main Street, Suite 400
Louisville, Kentucky 40202
(502) 855-3800
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 22, 2016 a copy of the above document was served via ECF and/or U.S. Mail to all counsel of record.

Hans G. Poppe
Scarlette R. Burton
Kirk A. Laughlin
Kathleen Coffey
THE POPPE LAW FIRM
Justice Plaza
8700 Westport Road
Louisville, KY  40202

/s/ Clay M. Stevens
Clay M. Stevens