**FILED**

JAMES J. VILT, JR. - CLERK

SEP 1 3 2022

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

WILLIAM H. WILLIAMS,

     Plaintiff,

V.

BAPTIST HEALTHCARE SYSTEM, INC.
d/b/a BAPTIST HEALTH LEXINGTON,

     Defendant.

CIVIL ACTION NO. 3:16-cv-236-CHB

<u>JURY INSTRUCTIONS</u>

\* \* \* \* \* \* \*

### INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case. I will start by explaining your duties and the general rules that apply in every case. Then I will explain the rules of law that you must apply in deciding whether the parties have proven the elements of their respective counts. Then I will explain some rules that you must use in evaluating the testimony and evidence. And last, after closing arguments, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

## JURORS' DUTIES

You have two main duties as jurors. The first duty is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you and apply it to the facts as you find them from the evidence in this case. It is my job to instruct you about the law, and you are bound by the oath you took at the beginning of the trial to follow the instructions I give you, even if you personally disagree with them. This includes the instructions I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments. But if what they say is different from what I say, you must follow what I say. What I say about the law controls. Perform these duties fairly. Do not let any bias, sympathy, or prejudice you may feel toward one side or the other influence your decision in any way.

## BURDEN OF PROOF

William H. Williams ("Mr. Williams") has the burden in this civil action to prove every essential element of his claims by a "preponderance of the evidence." You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard applicable in criminal cases. It does not apply in civil cases such as this and you should not use it. In this case, if Mr. Williams should fail to establish any essential element of his claim by a "preponderance of the evidence," you should find for Baptist Healthcare System, Inc. ("Baptist Healthcare") on that claim. If you find that Mr. Williams has established all essential elements of a claim by a "preponderance of the evidence," you should find for Mr. Williams on that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proven by a preponderance of the evidence, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

3

## EVIDENCE DEFINED

You must make your decision based only on the evidence you saw and heard here in court. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath to not let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## CONSIDERATION OF EVIDENCE

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law, we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial.

"Direct evidence" is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

"Circumstantial evidence" is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

6

## DEPOSITION IN LIEU OF LIVE TESTIMONY

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same ways as if the witness had been present and had testified from the witness stand.

## CREDIBILITY OF WITNESSES

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the plaintiff or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other

8

evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**ALL AVAILABLE WITNESSES OR EVIDENCE NEED NOT BE PRODUCED**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## OBJECTIONS DURING TRIAL

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## ALL PERSONS EQUAL BEFORE THE LAW

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, stand equal before the law, and are to be treated as equals.

## CORPORATE PARTY'S AGENTS AND EMPLOYEES

A corporation may act only through natural persons who are its agents or employees. In general, agents or employees of a corporation may bind their corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

Mr. Williams has asserted two claims against Baptist Healthcare. First, Mr. Williams contends that Baptist Healthcare violated the Emergency Medical Treatment and Active Labor Act ("EMTALA") which states:

> If an individual presenting at a hospital has an emergency medical condition which has not been stabilized, the hospital may not transfer that individual unless certain conditions are certified.

Second, Mr. Williams contends that Baptist Healthcare's staff was negligent in its care of him. Mr. Williams argues that the violation of EMTALA and negligence caused him pain and suffering and emotional suffering and mental anguish. Additionally, Mr. Williams contends that Baptist Healthcare acted with gross negligence justifying an award of punitive damages.

The following substantive instructions will assist you in considering each of these claims.

15

## COUNT I EMTALA

The first claim I will instruct you on is the EMTALA claim. In order to recover on his claim against Baptist Healthcare based on EMTALA, Mr. Williams must prove from the evidence that it is more likely than not true that:

1. On April 5, 2015, Mr. Williams had an emergency medical condition at the time of his arrival at Baptist Healthcare; and

2. The medical staff at Baptist Healthcare had actual knowledge of that emergency medical condition at the time; and

3. The emergency medical condition was not stabilized at the time of Mr. Williams' transfer, unless a physician or qualified medical person certified in writing that based upon the information available at the time of transfer, the medical benefits reasonably expected from the provision of appropriate medical treatment at another medical facility outweighed the increased risks to Mr. Williams; and

4. Mr. Williams suffered personal harm as a direct result of being transferred before such emergency condition was stabilized.

The term "emergency medical condition" means:

A medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that the absence of immediate medical attention could reasonably be expected to result in —

  (i)   Placing the health of the individual in serious jeopardy,
  (ii)  Serious impairment to bodily functions, or
  (iii) Serious dysfunction of any bodily organ or part.

The term "stabilized" means, with respect to an emergency medical condition described above, that no material deterioration of the condition is likely, within a reasonable medical probability, to result from or occur during the transfer of Mr. Williams from Baptist Healthcare.

The term "transfer" means the movement (or discharge) of an individual outside a hospital's facilities at the direction of any person employed by (or affiliated or associated,

16

directly or indirectly, with) the hospital.

The Court instructs you as a matter of law that Baptist Healthcare violated EMTALA as agreed by Mr. Williams and Baptist Healthcare.

## COUNT II MEDICAL NEGLIGENCE

The second claim I will instruct you on is the medical negligence claim. It was the duty of the staff at Baptist Healthcare to exercise toward Mr. Williams that degree of care and skill which is expected of reasonably competent hospital staff acting under circumstances like or similar to those about which you have heard evidence in this case.

The Court instructs you as a matter of law that Baptist Healthcare violated the standard of care as agreed by Mr. Williams and Baptist Healthcare.

## COMPENSATORY DAMAGES

You must determine from the evidence the amount of money that will fairly and reasonably compensate Mr. Williams for whatever damages you believe he sustained by reason of the wrongful conduct of Baptist Healthcare in this case for pain and suffering or emotional suffering and mental anguish. Mr. Williams must prove his damages by a preponderance of the evidence.

Compensatory damages are not to exceed $1,000,000.00.

## PUNITIVE DAMAGES

If you are further satisfied by clear and convincing evidence that Baptist Healthcare acted toward Mr. Williams with gross negligence, you may in your discretion award punitive damages against Baptist Healthcare in addition to the damages awarded under Compensatory Damages.

As used in this instruction:

"Gross negligence" means a reckless disregard for the rights, lives, and safety of other persons, including Mr. Williams.

"Punitive Damages" are damages awarded against Baptist Healthcare for the purpose of punishing Baptist Healthcare for its misconduct in this case and deterring it and others from engaging in similar conduct in the future.

Whether you make an award of punitive damages is a matter exclusively within your discretion. If, however, you award punitive damages, in determining the amount thereof, you should consider the following factors:

(a) The likelihood at the time of such misconduct by Baptist Healthcare that serious harm would arise from it;

(b) The degree of Baptist Healthcare's awareness of that likelihood;

(c) The profitability of the misconduct of Baptist Healthcare;

(d) The duration of misconduct and any concealment of it by Baptist Healthcare; and

(e) Any actions taken by Baptist Healthcare to remedy the misconduct once it became known to Baptist Healthcare.

Even though you might otherwise award punitive damages against Baptist

Healthcare for the conduct of its employees, you may not do so unless you are satisfied from the evidence of one or more of the following:

  (1) Baptist Healthcare should have anticipated its employees' conduct;

  (2) Baptist Healthcare authorized its employees' conduct either before or during the occurrence; or

  (3) Baptist Healthcare ratified its employees' conduct after the occurrence.

"Ratified" means after-the-fact awareness and intent to approve the act in question.

Authorization and Ratification may be express or implied. Implied is indicated by conduct rather than by express word of mouth.

If you award punitive damages, they must be fixed with calm discretion and sound reason, and must never be awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

If you award punitive damages, you will state the amount separately from any sum or sums awarded under Compensatory Damages.

Punitive damages are not to exceed $2,000,000.00.

## OPINION WITNESSES

You have heard the testimony of Dr. Paula Hollingsworth and Dr. David S. Glaser, who testified as opinion witnesses.

You do not have to accept Dr. Paula Hollingsworth or Dr. David S. Glaser's opinions. In deciding how much weight to give them, you should consider the witness' qualifications and how he or she reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## FACT AND OPINION WITNESSES

You have heard the testimony of Dr. Paula Hollingsworth, who testified to both facts and opinions. Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept Dr. Paula Hollingsworth's opinions. In deciding how much weight to give it, you should consider the witness's qualifications and how she reached her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

**SUMMARIES AND OTHER MATERIALS NOT ADMITTED IN EVIDENCE**

During the trial you have seen counsel use summaries and charts which were offered to assist in the presentation and understanding of the evidence. These summaries and charts are not themselves evidence and must not be considered as proof of any facts.

24

## STIPULATIONS

Mr. Williams and Baptist Healthcare have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

The Parties agree and stipulate, and the Court hereby finds, that Joint Exhibits 56 and 14 are the only pages of Nicolas Newsome's employment file maintained by Defendant Baptist Healthcare which reference EMTALA or EMTALA training.

## ELECTION OF THE FOREPERSON AND RETURN OF VERDICT

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions and will speak for you here in court.

Once you start deliberating, do not talk to the Court Security Officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Court Security Officer. The Court Security Officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. That should stay secret until you are finished.

Verdict forms have been prepared for your convenience.

You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form that sets forth the verdict upon which you unanimously agree. You will then return with your verdict to the courtroom.

## VERDICT FORMS — JURY'S RESPONSIBILITY

Nothing said in these instructions and nothing in any verdict form prepared for your convenience is meant to suggest or convey in any way or manner any suggestion or hint as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

## NOTES

During this trial, I permitted you to take notes. You were not required to take notes. If you did not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Frequently, there is a tendency to attach too much importance to what a person writes down. Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Your memory should be your greatest asset when it comes time to deciding this case. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

You will notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

Further, during your deliberations, you must not discuss this case with anyone outside the jury or provide anyone outside the jury with any information about this case. You may not use any of the following electronic devices or platforms to communicate to anyone any information about this case or to conduct any research about this case until I have accepted your verdict: telephones, cell phones, smart phones, iPhones, Blackberrys,

computers, the Internet, any Internet service, any text or instant messaging services, Internet chat rooms, blogs, or websites such as Facebook, MySpace, LinkedIn, YouTube, Instagram, or Twitter.

## REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think that is appropriate.

It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| WILLIAM H. WILLIAMS, | CIVIL ACTION NO. 3:16-cv-236-CHB |
| Plaintiff, | |
| V. | **VERDICT FORM** |
| BAPTIST HEALTHCARE SYSTEM, INC. d/b/a BAPTIST HEALTH LEXINGTON, | |
| Defendant. | |

\* \* \* \* \* \* \*

### VERDICT FORM A, COUNT I EMTALA

The Court instructs you as a matter of law that Baptist Healthcare violated EMTALA as agreed by Mr. Williams and Baptist Healthcare.

_____

FOREPERSON'S JUROR NUMBER

_____

DATE

1

## VERDICT FORM B, COUNT II MEDICAL NEGLIGENCE

The Court instructs you as a matter of law that Baptist Healthcare violated the

standard of care as agreed by Mr. Williams and Baptist Healthcare.


_____

FOREPRESON'S JUROR NUMBER


_____

DATE

2

**VERDICT FORM C, COMPENSATORY DAMAGES**

Do you find Mr. Williams has proven his claim for compensatory damages?

    Circle Your Answer.

    Yes        No

We, the Jury, award the following amount of compensatory damages to Mr. Williams:

    $ _____


                                    _____
                                      FOREPRESON'S JUROR NUMBER


                                    _____
                                              DATE

3

**VERDICT FORM D, PUNITIVE DAMAGES**

Do you find Mr. Williams has proven his claim for punitive damages?

      Circle Your Answer.

      Yes         No

We, the Jury, award the following amount of punitive damages to Mr. Williams:

      $ _____

                                    _____
                                    FOREPRESON'S JUROR NUMBER

                                      _____
                                                DATE

4